UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES SCOTT ALTMAN,

        Petitioner,

                                        CASE NO. 08-CV-13332
v.                                       HONORABLE NANCY G. EDMUNDS

DEBRA SCUTT,

        Respondent.
                                        /

## ORDER HOLDING HABEAS PETITION IN ABEYANCE
## AND ADMINISTRATIVELY CLOSING CASE

      This is a habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner James Scott Altman, through counsel, has filed a petition for writ of habeas corpus challenging his second-degree murder conviction which was imposed following a jury trial in the Midland County Circuit Court. Petitioner was sentenced to 18 to 60 years imprisonment in 2005. In his pleadings, Petitioner raises claims alleging prosecutorial misconduct, the improper admission of evidence, and insufficient evidence to support his conviction. Respondent has filed an answer to the petition contending that it should be denied and Petitioner has filed a reply to that answer.

      On June 25, 2009, Petitioner, through counsel, filed a "Notice of Filing of Motion in State Court on Related Issue" stating that he filed a motion for relief from judgment in the state trial court on June 12, 2009 based upon newly-discovered evidence. The Court then ordered Petitioner to show cause why his petition should not be dismissed (without prejudice) pending the outcome of such proceedings. Petitioner's counsel filed a response to the Court's show cause

order "agreeing" that the case should be held in abeyance pending the outcome of the state court proceedings.

A state prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160. Petitioner's current claims appear to be exhausted, but he now has a motion for relief from judgment pending in the Midland County Circuit Court concerning the conviction at issue in his present petition. Petitioner must complete the state court process before seeking federal habeas relief. *See Witzke v. Bell*, No. 07-CV-15315, 2007 WL 4557674 (E.D. Mich. Dec. 20, 2007); *Harris v. Prelisnik*, No. 06-CV-15472, 2006 WL 3759945 (E.D. Mich. Dec. 20, 2006); *see also* 28 U.S.C. § 2254(d) (a habeas petitioner is only entitled to relief if he can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States). Even if Petitioner's pending motion does not concern his current claims, that proceeding may result in the reversal of his conviction on another ground, thus mooting the federal questions presented. *See Humphrey v. Scutt*, No. 08-CV-14605, 2008 WL 4858091, *1 (E.D. Mich. Nov. 5, 2008) (citing *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir.1983), and *Woods v. Gilmore*, 26 F. Supp. 2d 1093, 1095 (C.D. Ill. 1998)); *see also Szymanski v. Martin*, 99-CV-76196-DT, 2000 WL 654916 (E.D. Mich. April 13, 2000).

Because Petitioner has a matter pending in state court concerning his challenged conviction, a non-prejudicial dismissal of his habeas petition would ordinarily be warranted. In this case, however, Respondent has already filed an answer to Petitioner's existing, exhausted claims and has submitted the state court record. Accordingly, the Court finds that holding the petition in abeyance and administratively closing the case is a more appropriate course of action. *See, e.g., Rhines v. Weber*, 544 U.S. 269, 276 (2005) (stating that a court has discretion, in limited circumstances, to hold a habeas petition in abeyance pending the exhaustion of additional issues in the state courts). Accordingly,

**IT IS ORDERED** that Petitioner's request to hold his petition in abeyance is granted and that this case is **STAYED**. The stay is conditioned on Petitioner presenting his unexhausted claim(s) to the state courts within 60 days of this order – again, it appears that he has already done so by filing a motion for relief from judgment with the trial court. *See Hill v. Anderson*, 300 F.3d 679, 683 (6th Cir. 2002). The stay is further conditioned on Petitioner's return to this Court with an amended petition, using the same caption and case number, within 60 days of fully exhausting state remedies. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002) (adopting approach taken in *Zarvela v. Artuz*, 254 F.3d 374, 381 (2d Cir. 2001)). Should Petitioner fail to comply with these conditions, his case may be subject to dismissal. Lastly, this case is **CLOSED** for administrative purposes pending compliance with these conditions. The Court makes no determination as to the merits of Petitioner's claims.

                                                s/Nancy G. Edmunds
                                                Nancy G. Edmunds
                                                United States District Judge

Dated:  August 18, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 18, 2009, by electronic and/or ordinary mail.

                        s/Carol A. Hemeyer
                        Case Manager